**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:<br>William H. Hensler, Jr. and<br>Susan J. Hensler,<br>Debtors. | : | Bankruptcy Case No. 24-20441-GLT<br><br>Chapter 11 |
| William H. Hensler, Jr. and<br>Susan J. Hensler,<br><br>Movants,<br><br>v.<br><br>NO RESPONDENTS. | : | Document No.:<br><br>Related to Document Nos. 253 & 263<br><br>**Hearing Date & Time:** |

**MOTION FILE DOCUMENT UNDER SEAL**

Settlement Obligor and Interested Party, Sherrard, German & Kelly, P.C. ("SGK"), by and through Bethann R. Lloyd and Burns White, LLC, hereby respectfully requests that a redacted version of Debtors' Motion for an Order Approving Settlement of the Malpractice Claims ("Motion to Approve") be filed under seal in the above-captioned matter.

1. Pursuant to W.PA.LBR 5005-20(a), a redacted copy of Debtors' Motion to Approve is attached hereto as **Exhibit A**.

2. Pursuant to W.PA.LBR 5005-20(a), an unredacted copy of said Motion to Approve has been hand-delivered to the Clerk's Office in a secured envelope, marked with the complete case number and stating: "FILED UNDER PENDING MOTION TO SEAL".

**Justification for Sealing**

3. Three groups of related parties have pursued various actions against SGK, all in the Court of Common Pleas of Allegheny County, and all in relation to the same underlying action, as set forth below:

i. Debtors at Docket GD-24-009104;

ii. Comtrol Corp., Alan J. Quinn, and Comtrol –West, LLC ("Comtrol")(GD-25-008640);

iii. Becker Wholesale Mine Supply, LLC ("Becker"), as assignee of Comtrol Corp., Alan J. Quinn and Comtrol West, LLC. (GD-24-014510);

iv. Becker Wholesale Mine Supply, LLC, as assignee of Comtrol Corp., Alan J. Quinn and Comtrol West, LLC. (GD-25-006439)(discontinued without prejudice); and

v. Becker Wholesale Mine Supply, LLC, as assignee of Comtrol Corp., Alan J. Quinn and Comtrol West, LLC. (GD-25-009704).

4. By Order dated February 23, 2026, the Court Consolidated Case Nos. GD-24-014510, GD-25-008640 and GD-25-9704 at Docket No. GD-24-014510. Debtors' Malpractice Action (defined further in the Motion to Approve) was not consolidated for purposes of trial.

5. All the above parties have resolved all of the above causes of action and claims and all potential claims against each other. This includes certain non-parties affiliated with Becker Wholesale Mine Supply, LLC and its parent and affiliated entities, as well as certain executives.

6. The Full and Final General Release and Settlement Agreement ("Settlement Agreement") is attached as Exhibit B to the Motion to Approve (Exhibit A) and has been entered into by 19 individuals and/or entities. Bankruptcy Court approval is required to be obtained with respect to the Settlement Agreement.

7. It is SGK's desire to comply with Rule 9019 of the Federal Rules of Bankruptcy Procedure and at the same time protect its desire for confidentiality in respect to the Settlement Agreement to the fullest extent possible in respect to the amounts paid and the limits of SGK's malpractice insurance policies. Section I of the Settlement Agreement requires the parties to that Settlement Agreement to maintain as confidential all non-public information.

8. 11 U.S.C.A. §107(b)(1) permits the bankruptcy court to protect an entity with respect to commercial information.

9. Here, the entire underlying case is a commercial dispute involving highly sensitive non-public commercial information. As a result, the trial court in in the underlying case entered a protective order in recognition of the sensitivity and confidentiality of the financial and commercial information at issue in the case. A true copy of the protective order is attached as **Exhibit B**.

10. In addition, SGK's insurance policy information and policy limits are commercial information that is closely guarded by law firms. A professional liability insurance policy is a private commercial contract, not a public record. Law firms do not divulge policy information in the public arena and are not required to do so. Decisions made as to the amount of coverage are private. Moreover, the public amount of payment or revelation of payment of policy limits, along with disclosure of those limits, could put SGK at a disadvantage in the legal community.

11. SGK is not a party to the bankruptcy case, not even as a creditor. SGK was merely in the position of being sued in five different (but related) lawsuits, only one of which was by Debtors in this case.

12. Therefore, SGK *proposes to seal only portions* of the Motion to Approve, the effect of which would be to permit a redacted Motion to Approve to remain public and available on the ECF Docket.

13. As SGK is mindful of this Courts' analysis in *In re One Jet, Inc.*, 630 B.R. 761 (Bankr. W.D. Pa. 2021), SGK also proposes alternative relief below.

14. Alternatively, SGK moves for an Order that the unredacted Motion to Approve be restricted to case participants only.

15. Alternatively, SGK moves for an Order that the unredacted Motion to Approve not be available electronically via CM/ECF Lookup. This will allow the record to remain open for examination by anyone with a desire or need to review, but not electronically.

16. Debtors do not object to the relief sought in the Motion to Seal.

WHEREFORE, Sherrard, German & Kelly, P.C. respectfully requests that the Court grant its Motion to Seal in accordance with the proposed Order attached.

Respectfully submitted,

BURNS WHITE, LLC

By: */s/ Bethann R. Lloyd*

Bethann R. Lloyd, Esquire
Pa. ID #77385
blloyd@burnswhite.com

Law & Finance Building
Burns White Center
48 26th Street
Pittsburgh, PA 15222
(412) 995-3016

Date: November 2, 2026